UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YOK

_____

JUAN J. VAZQUEZ,

                Plaintiff,

v.                                             Civil Action No._____

MIDLAND CREDIT MANAGEMENT, INC.,

                Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter referred to as "FDCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) in that the Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Juan J. Vazquez, is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

5. Defendant, Midland Credit Management, Inc., is a New York State foreign business corporation, and is a debt collector as defined by 15 U.S.C. § 1692a(6). The New York State Department of State indicates a registered address for service of process as C/O Corporation Service Company, 80 State Street, Albany, New York 12207-2543. The Defendant's corporate address is 8875 Aeso Drive, #200, San Diego, California 92123.

6. The acts of the Defendant alleged in this Complaint were performed by its employees acting within the scope of actual or apparent authority.

7. All references to "Defendant" shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

8. Plaintiff incurred a financial obligation to HSBC Bank in connection with the origination of a consumer credit card that was primarily used for personal, family, or household purposes and the associated debt is, therefore, a "debt" as that term is defined by 15. U.S.C. § 1692a(5).

9. Subsequent to the origination of the subject debt, a payment default occurred.

10. Thereafter, the debt was consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff.

11. By letter dated September 4, 2011, Defendant demanded payment from the Plaintiff in the amount of $2,228.51.

12. In response to Plaintiff's September 4, 2011 correspondence, Plaintiff forwarded Defendant a letter on September 10, 2011 that disputed the validity of the subject debt, and requested verification of same.

13. As a result of Plaintiff's timely written notification to the Defendant that the subject debt was disputed, all collection efforts were to cease until the debt collector obtained verification of the subject debt and mailed same to the Plaintiff.

14. On November 3, 2011, Defendant forwarded Plaintiff a collection letter that offered various payment options and due dates for said payment options. Said collection letter attempted to collect a debt prior to the Plaintiff receiving any sort of debt validation from the Defendant.

15. On November 18, 2011, Defendant forwarded Plaintiff another collection letter. Said letter indicated that "As part of our investigation of your dispute, it would be helpful to have a copy of any documentation you may have that supports your dispute."

16. On January 4, 2012, Defendant forwarded Plaintiff another collection letter, which was very similar to the November 18, 2011 letter.

17. Without having sent Plaintiff any sort of verification of the debt, Defendant, nevertheless, sent Plaintiff yet another collection letter on February 16, 2012. Said collection letter merely offered three payment options, and due dates for each payment option.

18. On multiple occasions, the Defendant engaged in debt collection efforts and communications prior to responding to Plaintiff's timely request for verification of the debt.

19. As a result of the Defendant's collection communications and conduct, Plaintiff's rights under the FDCPA were violated and the Plaintiff has suffered damages.

## V. CAUSE OF ACTION

20. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 19 above.

21. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

   a. Defendant violated 15 U.S.C § 1692g(a) by failing to obtain and mail the Plaintiff of copy of the verification of the debt or a copy of a Judgment.

   b. Defendant violated 15 U.S.C § 1692(b) by failing to cease collection of the subject debt until the debt collector obtained verification of the debt or a copy of any judgment and mailed same to the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Statutory damages pursuant to 15 U.S.C. § 1692k;

(b) Cost, disbursements, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(c) For such other and further relief as may be just and proper.

## VI. JURY DEMANDED

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  March 9, 2012

        s/Brad J. Davidzik_____
        Brad J. Davidzik, Esq.
        Jeffrey Freedman Attorneys at Law
        Attorneys for Plaintiff
        424 Main Street, Suite 622
        Buffalo, New York 14202
        (716) 856-7091
        Email: bdavidzik@jeffreyfreedman.com